# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# McALLEN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **v.** | § § | **Criminal No.**  M-18-0960 |
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | | |
| **DANIEL MAYORQUIN CARRILLO** | § | |
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | | |
| **JUAN MANUEL FONSECA** also known as "Red" | § § | |
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | | |

**SEALED INDICTMENT**

**THE GRAND JURY CHARGES:**

**Count One**

From on or about May 2012, to on or about the date of this indictment, in the Southern District of Texas and within the jurisdiction of the Court, defendants,



**JUAN MANUEL FONSECA
also known as "Red"**

did knowingly and intentionally conspire and agree together and with other persons known and unknown to the Grand Jurors, to possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

**Count Two**

From on or about November 2012, to on or about the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,



**DANIEL MAYORQUIN CARRILLO**

**JUAN MANUEL FONSECA**
**also known as "Red"**

did knowingly and intentionally conspire and agree together and with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

a) to transport, transmit and transfer and attempt to transport, transmit and transfer monetary instruments and funds from a place in the United States to a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, the distribution of a controlled substance, an offense punishable under Title 21 of the laws of the United States.

In violation of Title 18, United States Code, Section 1956(a)(2)(A).

and,

b) to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of the properties, both real and personal, which involved the proceeds of a specified unlawful activity, that is, the distribution of a controlled substance, a violation of Title 21, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds represented the proceeds of some form of unlawful activity, in violation of Title 18 United States Code Sections 1956(a)(1)(B)(i).

In violation of Title 18, United States Code, Section 1956(h).

## Count Three

Beginning on or about April 24, 2013, and continuing to on or about December 12, 2014, in the in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**JUAN MANUEL FONSECA**
**also known as "Red"**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of the property located at 8533 Edinburg Ct. Houston, Texas which involved the proceeds of a specified unlawful activity, that is, the distribution of a controlled substance, an offense punishable under Title 21 of the laws of the United States, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, source, ownership, and control of the proceeds of said specified unlawful activity and that while

conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds represented the proceeds of some form of unlawful activity.

In violation of Title 18 United States Code Sections 1956(a)(1)(B)(i) and 2.

## Count Four

On or about May 23, 2013, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,



did transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instruments and funds, that is, approximately $559,225.00 in United States Currency, from a place in the United States, that is Houston, Texas to a place outside the United States, that is Mexico, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## Count Five

On or about September 14, 2013, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,





did transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instruments and funds, that is, approximately $1,575,448.00 in United States currency, from a place in the United States, that is, Houston, Texas to a place outside the United States, that is Mexico, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## Count Six

On or about January 21, 2014 in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,



did transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instruments and funds, that is, approximately $300,040.00 in United States currency, from a place in the United States, that is Houston, Texas to a place outside the United States, that is Mexico, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

### Count Seven

On or about February 12, 2015 in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,



**DANIEL MAYORQUIN CARRILLO**

did transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instruments and funds, that is, approximately $699,760.00 in United States currency, from a place in the United States, that is Houston, Texas to a place outside the United States, that is Mexico, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

### Count Eight

On or about February 19, 2015, in the Southern District of Texas and within the jurisdiction of the Court, defendants,



did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 78 kilograms of a

mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

### Count Nine

On or about December 14, 2015, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,



did transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instruments and funds, that is, approximately $1,039,960.00 in United States currency, from a place in the United States, that is Houston, Texas to a place outside the United States, that is Mexico, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

### Count Ten

On or about December 29, 2015, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,



did transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instruments and funds, that is, approximately $332,117.00 in United States currency, from a place in the United States, that is Chicago, Illinois to a place outside the United States, that is Mexico, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

### Count Eleven

On or about February 26, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendants,



did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 131.5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

**Count Twelve**

On or about March 18, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendants,



did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 158 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

**Count Thirteen**

From on or about May 18, 2016, to on or about May 19, 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,



did transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instruments and funds, that is, approximately $701,116.00 in United States currency, from a place

in the United States, that is Houston, Texas to a place outside the United States, that is Mexico, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

### Count Fourteen

On or about July 11, 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,



did transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instruments and funds, that is, approximately $196,715.00 in United States currency, from a place in the United States, that is Houston, Texas to a place outside the United States, that is Mexico, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

### Count Fifteen

On or about July 17, 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,


**JUAN MANUEL FONSECA**

**also known as "Red"**

did transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instruments and funds, that is, approximately $399,920.00 in United States currency, from a place in the United States, that is Combes, Texas to a place outside the United States, that is Mexico, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

### Count Sixteen

On or about July 19, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendants,



**JUAN MANUEL FONSECA**
**also known as "Red"**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 10.95 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

### Count Seventeen

On or about August 4, 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,



did transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instruments and funds, that is, approximately $318,120.00 in United States currency, from a place in the United States, that is Pasadena, Texas to a place outside the United States, that is Mexico, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

### Count Eighteen

On or about August 5, 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,



did transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instruments and funds, that is, approximately $1,570,214.00 in United States currency, from a place in the United States, that is Pasadena Texas to a place outside the United States, that is Mexico, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

**Count Nineteen**

On or about October 22, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendants,



did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 63.5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

**Count Twenty**

On or about December 16, 2016, and continuing to on or about May 14, 2018, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**JUAN MANUEL FONSECA**
also known as "Red"

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of the property and improvements to 18563 Michaels Run Houston, Texas which involved the proceeds of a specified unlawful activity, that is, the distribution of a controlled substance, an offense punishable under Title 21 of the laws of the United States, knowing that the transaction was designed in whole and in part to conceal and

disguise, the nature, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## NOTICE OF CRIMINAL FORFEITURE
### (21 U.S.C. § 853(a))

Pursuant to Title 21, United States Code, Section 853(a), the United States of America gives notice to defendants



**JUAN MANUEL FONESCA (Counts 1 and 16)**
**also known as "Red"**

that upon conviction of an offense in violation of Title 21, United States Code, §§ 841 and 846, the following is subject to forfeiture:

1) all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

2) all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

**NOTICE OF FORFEITURE**
**(18 U.S.C. § 982(a)(1))**

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to defendants

[redacted]

**[redacted] MAYORQUIN CARRILLO (Counts 2, 4, 6 and 7)**

[redacted]

**JUAN MANUEL FONESCA (Counts 2, 3, 15 and 20)**
**also known as “Red”**

[redacted]

that upon conviction in violation of Title 18, United States Code, §§ 1956(h), 1956(a)(2)(A) and 1956(a)(1)(B)(i), all property, real or personal, involved in money laundering offenses or traceable to such property, is subject to forfeiture.

## PROPERTY SUBJECT TO FORFEITURE

Defendants are notified that the property subject to forfeiture includes, but is not limited to, the following property:

| Asset | Asset Type | Description |
|---|---|---|
| 1 | $159,544.22 | Net sale proceeds from the sale of real property at 18567 and 18563 Michaels Run, Montgomery, Texas on April 30, 2018 |
| 2 | $599,255.00 | United States currency seized on or about May 23, 2013 |
| 3 | $1,575,488.00 | United States currency seized on or about September 14, 2013 |
| 4 | $300,040.00 | United States currency seized on or about January 21, 2014 |
| 5 | $699,760.00 | United States currency seized on or about February 12, 2015 |
| 6 | $1,039,960.00 | United States currency seized on or about December 14, 2015 |
| 7 | $332,117.00 | United States currency seized on or about December 29, 2015 |
| 8 | $701,116.00 | United States currency seized on or about May 19, 2015 |
| 9 | $196,715.00 | United States currency seized on or about July 11, 2016 |
| 10 | $399,920.00 | United States currency seized on or about July 17, 2016 |
| 11 | $318,120.00 | United States currency seized on or about August 4, 2016 |
| 12 | $1,570,214.00 | United States currency seized on or about August 5, 2016 |

## MONEY JUDGMENT AND SUBSTITUTE ASSETS

The United States intends to seek the imposition of a money judgment against each defendant. Defendants are notified that in the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture.

A TRUE BILL

_____
FOREPERSON

RYAN K. PATRICK
UNITED STATES ATTORNEY

*[signature: Patricia Cook Profit]*
ASSISTANT UNITED STATES ATTORNEY